**WO**                                                                     SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerime Antwon Proctor,<br><br>     Plaintiff,<br><br>vs.<br><br>Sheriff Joseph Arpaio, et al.,<br><br>     Defendants. | No. CV 06-148-PHX-MHM (LOA)<br><br>**ORDER** |

     Plaintiff Jerime Antwon Proctor, who is confined in Maricopa County's Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, with an application to proceed *in forma pauperis*. (Doc.# 1.)[1] The Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed the Complaint with leave to amend within 30 days from the date that Order was filed, or May 21, 2006. (Doc.# 4.) Plaintiff failed to comply and judgment was entered dismissing this action on June 7, 2006. (Doc.# 6.) Two days later, Plaintiff filed a motion for leave to amend with a First Amended Complaint. (Doc.# 7.) He subsequently filed a motion for reconsideration of the dismissal of this action. (Doc.# 8.) The Court will grant the motion for reconsideration and vacate judgment of dismissal in the action. The Court will dismiss the First Amended Complaint for failure to state a claim against the named Defendants and grant Plaintiff a final opportunity to amend.

_____

[1] "Doc.#" refers to the docket number of documents filed in this case.

JDDL-K

**I. Motion for Reconsideration**

Plaintiff filed a motion for reconsideration, presumably referring to the dismissal of this action and entry of judgment. (Doc.# 8.)  He asserts that there was a filing error by the officers at his institution that resulted in his First Amended Complaint not being timely submitted to the Court.  (Id.)  The Court will grant Plaintiff's motion and vacate the entry of judgment dismissing this action.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or portion thereof, if a plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim *with* leave to amend because it may possibly be saved by amendment.

**III. First Amended Complaint**

Plaintiff alleges that he was denied constitutionally adequate medical care as an inmate of the Fourth Avenue Jail.  He sues Sheriff Joseph Arpaio and Mary Rose Wilcox, a member of the Maricopa County Board of Supervisors.

Plaintiff alleges the following facts.  While an inmate at the Fourth Avenue Jail,

1   the Jail dental clinic extracted two of Plaintiff's teeth.[2]  Two or three days later, Plaintiff

2   noticed swelling in his lower jaw and he began "constantly" filing medical requests as the

3   swelling and pain increased.  Plaintiff alleges that he received no response to his medical

4   requests, but that seven or eight days later he spoke to a nurse on rounds who told him the

5   swelling was not normal and that he needed "serious medical attention."  Plaintiff alleges

6   this nurse told him that she had to "beg" unidentified persons before she finally was able

7   to have Plaintiff transported to the hospital.  After reaching the hospital, Plaintiff received

8   antibiotics for two or three days but required surgery to drain an abscess, which he was

9   told could have been fatal.  Plaintiff does not allege when he was taken to the hospital,

10  but he does allege that he now has a scar on his neck.  He seeks compensatory damages

11  for the scar and his pain and suffering.

12  **IV.  Failure to State a Claim**

13      "To sustain an action under section 1983, a plaintiff must show (1) that the

14  conduct complained of was committed by a person acting under the color of state law;

15  and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory

16  right."  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  For a person to liable in

17  his official capacity, Plaintiff must allege that the official acted as a result of a policy,

18  practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir.

19  2001).  A supervisor, in his individual capacity, "is only liable for constitutional

20  violations of his subordinates if the supervisor participated in or directed the violations, or

21  knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040,

22  1045 (9th Cir. 1989).  Further, "[a] plaintiff must allege facts, not simply conclusions, that

23  show that an individual was personally involved in the deprivation of his civil rights."

24  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

25      As the Court stated in its previous Order, to state a claim regarding medical care, a

26  plaintiff must allege facts that, if proven, establish that a defendant acted with deliberate

27

28      [2]  Plaintiff indicates in one portion of his First Amended Complaint that he
    experienced swelling of his lower jaw *before* the extraction of the two teeth. (Doc.# 6 at 4A.)

JDDL-K                                           - 3 -

indifference to the plaintiff's serious medical needs. (Doc.# 4 at 3.) As the Court stated:

> To act with deliberate indifference, the defendant must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In the medical context, deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Indifference may be shown when an official denies, delays, or intentionally interferes with treatment, or it may be shown by the way in which medical professionals provide the care. Id.

(Doc.# 4 at 3.)[3] The Court dismissed the Complaint because Plaintiff failed to set forth "any allegations against [then-Defendant Maricopa County Health Services or Sheriff Arpaio] to show how they acted with deliberate indifference to his serious medical needs."[4] (Doc.# 4 at 3-4.)

In his First Amended Complaint, Plaintiff alleges that Arpaio is a "supervisor" and "responsible for health care and needs of pretrial detainees" and that he "directly participated and/or was grossly negligent." (Doc.# 6 at 2.) However, Plaintiff fails to set forth any facts supporting that Sheriff Arpaio was aware of, much less personally participated in, *any* violation of Plaintiff's constitutional rights. Nor does Plaintiff allege that Arpaio established a policy, practice or custom that resulted in the violation of Plaintiff's constitutional rights. That is, Plaintiff fails to set forth facts that if proven would show that Arpaio acted with deliberate indifference to Plaintiff's serious medical needs. However, because Plaintiff may be able to allege such facts, he will be granted a final opportunity to amend.

Plaintiff also names Mary Rose Wilcox as a Defendant. He alleges that Wilcox was

---

[3] A delay in receiving medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Further, "'[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (*en banc*) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

[4] Plaintiff did not name Maricopa County Health Services as a Defendant from his First Amended Complaint or set forth any facts as to it.

JDDL-K

"grossly negligent and or learned of problems and failed to fix situation; and or created a custom or policy allowing or encouraging the illegal acts." (Doc.# 6 at 2.) The allegation that Wilcox knew of but failed to correct "problems," that she was "grossly negligent" or that she created a custom or policy allowing or encouraging "illegal acts" are conclusory and unsupported by factual allegations. Plaintiff fails to identify the custom or policy created by Wilcox that allowed or encouraged any illegal act or the connection between such policy and the harm Plaintiff alleges that he suffered as a consequence. Again, because Plaintiff may be able to allege such facts, he will be granted a further opportunity to amend.

**V. Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate by reference any part of any prior complaint. Plaintiff may include only one claim per count.

A second amended complaint supersedes prior complaints. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat prior complaints as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in later amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

1   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

2   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

3   in dismissal.

4   **B. Address Changes**

5   Plaintiff must file and serve a notice of a change of address 10 days before the move

6   is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other

7   relief with a notice of change of address.  Failure to comply may result in dismissal.

8   **C. Copies**

9   Plaintiff must submit an additional copy of every document that he files for use by the

10  Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without

11  further notice to Plaintiff.

12  **D. Possible "Strike"**

13  Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

14  to file an amended complaint correcting the deficiencies identified in this Order, the

15  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

16  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

17  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

18  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

19  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

20  or fails to state a claim upon which relief may be granted, unless the prisoner is under

21  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

22  **E. Possible Dismissal**

23  Plaintiff is warned that failure to timely comply with every provision of this Order,

24  including these warnings, may result in dismissal of this action without further notice.  See

25  Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with

26  any order of the Court).

27  **IT IS ORDERED:**

28  (1)  Plaintiff's motion for reconsideration is **granted** and the Clerk of Court must

1    vacate entry of judgment in this action.  (Doc.# 8.)

2         (2)   Plaintiff's motion for leave to file a First Amended Complaint (doc.# 7) is

3    **granted** and the First Amended Complaint is **dismissed** for failure to state a claim.  Plaintiff

4    has **30 days** from the date this Order is filed to file a second amended complaint in

5    compliance with this Order.

6         (3)  If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of

7    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

8    that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

9         (4)  The Clerk of Court must mail Plaintiff the court-approved form for filing a civil

10   rights complaint by a prisoner.

11        DATED this 15th day of August, 2006.

12

13

14   _____

15              Mary H. Murguia
          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                     Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of____(month)____, (year) , to:
Name:  _____
Address:_____
      Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

    1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
         )
(Full Name of Plaintiff)    Plaintiff,     )
         )
         vs.         )  **CASE NO.** _____
         )      (To be supplied by the Clerk)
_____ , )
         )
_____ , )
         )     **CIVIL RIGHTS COMPLAINT**
_____ , )        **BY A PRISONER**
         )
_____ , )  ☐ Original Complaint
(Full Name of Each Defendant)   Defendant(s).    )  ☐ First Amended Complaint
_____ )  ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
       a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
       b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
       c.   ☐ Other:  (Please specify.) _____ .

2.   Name of Plaintiff: _____ .
     Present mailing address: _____ .
           **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____ .

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                (Position and Title)                            (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
                (Position and Title)                            (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
                (Position and Title)                            (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
                (Position and Title)                            (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
.

    c.  Case or docket number: _____.

    d.  Claims raised: _____

_____

_____

    e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) ____
.

    f.  Approximate date lawsuit was filed: _____.

    g.  Approximate date of disposition: _____.

4.   Second prior lawsuit:

    a.  Parties to previous lawsuit:

        Plaintiff: _____.

        Defendants: _____

_____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
.

    c.  Case or docket number: _____.

    d.  Claims raised: _____

_____

_____.

    e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) ____
.

    f.  Approximate date lawsuit was filed: _____.

    g.  Approximate date of disposition: _____.

5.   Third prior lawsuit:

    a.  Parties to previous lawsuit:

        Plaintiff: _____.

        Defendants: _____

_____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
.

    c.  Case or docket number: _____.

    d.  Claims raised: _____

_____

_____.

    e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) ____
.

    f.  Approximate date lawsuit was filed: _____.

    g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)        ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                      ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count I?                      ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?            ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count II?         ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

5

## COUNT III

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.


2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)   ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III. Describe exactly what
each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?            ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _____
        _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.