**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerime Antwon Proctor, | No. CV 06-148-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sheriff Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Jerime Antwon Proctor, who is confined in the Arizona Department of Corrections, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events during his confinement in the Maricopa County Jail. (Doc.# 1.)[1] The Court dismissed Plaintiff's Complaint and subsequent First Amended Complaint for failure to state a claim, but granted him a final opportunity to amend. (Doc.# 9.) Before the Court is Plaintiff's motion for leave to file a second amended complaint, which the Court will grant. (Doc.# 11.) Because Plaintiff has failed to cure the deficiencies identified in his prior complaints, the Court will dismiss the Second Amended Complaint and this action.

**I. Statutory Screening of Prisoner Complaints**

---

[1] "Doc.#" refers to the docket number of documents filed in this case.

1  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if a plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). However, leave to amend need not be given if a complaint, as amended, is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is a factor to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

**II. Second Amended Complaint**

Plaintiff alleges that he was denied constitutionally adequate medical care as an inmate in the Fourth Avenue Jail. He sues Maricopa County Sheriff Joseph Arpaio, Mary Rose Wilcox, a member of the Maricopa County Board of Supervisors, and Maricopa County Correctional Health Service.

Plaintiff alleges the following facts. While an inmate at the Fourth Avenue Jail, the Jail dental clinic extracted two of Plaintiff's teeth. A few days later, Plaintiff noticed swelling in his lower jaw and "constantly" complained and filed tank orders as the swelling and pain increased. Seven or eight days later, he finally saw a nurse, who told him the swelling was not normal and that he needed "serious medical attention." Plaintiff alleges this nurse told him that she had to "beg" unidentified persons before she finally was able to have Plaintiff transported to the hospital, where he required surgery to drain the infection. Plaintiff alleges that one of the doctors informed him that he could have died if he had not

arrived at the hospital when he did. Plaintiff seeks compensatory damages for the scar and his pain and suffering.

**III. Failure to State a Claim**

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). For a person to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

As the Court stated in its previous Orders, to state a claim regarding medical care, a plaintiff must allege facts that, if proven, would establish that a defendant acted with deliberate indifference to the plaintiff's serious medical needs. (Doc.# 4 at 3, 9 at 3-4.) The Court stated that:

> To act with deliberate indifference, the defendant must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In the medical context, deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Indifference may be shown when an official denies, delays, or intentionally interferes with treatment, or it may be shown by the way in which medical professionals provide the care. Id.

(Id.)

The Court dismissed Plaintiff's prior complaints as to Sheriff Arpaio because Plaintiff failed to set forth any facts to support that Arpaio was aware of, much less personally participated in, *any* violation of Plaintiff's civil rights or that Arpaio established a policy,

- 3 -

1 practice or custom that resulted in a violation of Plaintiff's constitutional rights.  In his
2 Second Amended Complaint, Plaintiff again fails to set forth any facts to support that Arpaio
3 was aware of and personally participated in the events about which Plaintiff complains.
4 Similarly, Plaintiff fails to set forth any facts to support that Arpaio established a policy,
5 practice or custom that resulted in a violation of Plaintiff's constitutional rights.

6 Plaintiff similarly fails to cure the deficiencies of his prior complaints with respect to
7 Maricopa County Supervisor Mary Rose Wilcox. Plaintiff merely realleges that Wilcox was
8 "grossly negligent and or learned of problems and failed to fix situation; and or created a
9 custom or policy allowing or encouraging the illegal acts."  (Doc.# 12 at 2.)  As the Court
10 previously stated, an allegation that Wilcox knew of but failed to correct "problems," that she
11 was "grossly negligent" or that she created a custom or policy allowing or encouraging
12 "illegal acts" is conclusory and unsupported by allegations of fact.  Plaintiff again fails to
13 identify the custom or policy created by Wilcox that allowed or encouraged any illegal act
14 or the connection between such policy and the harm Plaintiff alleges that he suffered as a
15 consequence.

16 Finally, although Plaintiff includes Maricopa County Correctional Health Services in
17 the caption of his Second Amended Complaint, he does not list it as a defendant on page 2
18 of his Second Amended Complaint.  Further, Plaintiff fails to allege any facts supporting
19 liability against it.

20 In this case, Plaintiff has had two opportunities to cure deficiencies in his complaints
21 but has failed to do so after being informed about them.  For that reason, his Second
22 Amended Complaint will be dismissed without leave to amend.

23 **IT IS ORDERED:**

24 (1) Plaintiff's motion for leave to file a Second Amended Complaint (doc.# 11) is
25 **granted**.

26 (2) The Second Amended Complaint (doc.# 12) and this action are **dismissed** for
27 failure to state a claim.

28

- 4 -

1       (3) The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 2nd day of November, 2006.

_____
Mary H. Murguia
United States District Judge

- 5 -